```
                                                    FILED - GR
                                              March 28, 2011 3:42 PM
                                               TRACEY CORDES, CLERK
                                                U.S. DISTRICT COURT
                                             WESTERN DISTRICT OF MICHIGAN
                                             BY __ald__/_____  SCANNED BY _____
```

                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION

A D CHRISTIAN,

       Plaintiff,

                                            **1:11-cv-314**

v.

                                            Janet T. Neff

FOCUS RECEIVABLES                 U.S. District Judge
MANAGEMENT, LLC,

       Defendant.
_____/

## Complaint

**I.   Introduction**

    1.   This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

    2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

    3.   Plaintiff A D Christian is an adult, natural person residing in Kent County, Michigan. A D Christian is a "consumer" and "person" as the terms are defined and used in the FDCPA. A D Christian is a "consumer," "debtor" and "person" as the terms are defined and

1

used in the MOC.

4. Defendant Focus Receivables Management, LLC ("FRM") is a Georgia limited liability company, with offices at 1130 Northchase Parkway, Suite 150, Marietta, Georgia 30067. The registered agent for FRM in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. FRM uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. FRM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. FRM is a "debt collector" as the term is defined and/or used in the FDCPA. FRM is licensed (No. 2401001629) by the State of Michigan to collect debts in Michigan. FRM is a "collection agency" and "licensee" as the terms are defined and/or used in MOC.

**IV. Facts**

5. A D Christian purchased goods and/or services, on credit, for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. A D Christian disputes the alleged debt.

7. A D Christian refuses to pay the alleged debt.

8. A D Christian's creditor or a successor in interest hired FRM to collect the alleged debt from A D Christian.

9. Alternatively, FRM purchased the account and related, alleged debt after the account allegedly became delinquent.

10. On or about March 24, 2011, a FRM employee telephoned the cellular telephone belonging to a person named Mike Christian and left the following message on Mike Christian's

2

voice mail: "This is an important message from Focus Receivables Management. The law requires we notify you that this communication is from a debt collector. This is an attempt to a debt. Any information will be used for that purpose. Return my call at 1-866-664-2513, extension 2244, regarding file number 1462298. Call back today. Thank you."

11. Mike Christian heard the message left by the FRM employee on Mike Christian's cellular telephone voice mail.

12. The recorded message left by the FRM employee on Mike Christian's cellular telephone voice mail was a "communication" as the term is defined and/or used in the FDCPA and MOC.

13. On or about March 25, 2011, Mike Christian telephoned FRM and spoke with a FRM employee. The FRM employee stated that FRM was attempting to contact A D Christian regarding an important business matter. Mike Christian stated that A D Christian was his brother. The FRM employee asked Mike Christian to deliver a message to A D Christian to contact FRM at 1-866-664-2513.

14. FRM did not obtain the prior consent of A D Christian to communicate with Mike Christian in connection with FRM's efforts to collect the alleged debt.

15. FRM did not obtain the prior consent of A D Christian to communicate to Mike Christian that FRM was attempting to collect a debt from A D Christian.

16. FRM did not obtain the prior consent of A D Christian to speak with Mike Christian regarding the alleged debt.

17. A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about

3

the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

18. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

19. A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt. 15 U.S.C. § 1692b(2).

20. FRM communicated to Mike Christian that FRM was attempting to collect a debt from A D Christian and thereby violated the FDCPA.

21. The FDCPA states that a debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall, "only if expressly requested, identify his employer." 15 U.S.C. § 1692b(1).

22. The FRM employee in the message left on Mike Christian's cellular telephone voice mail disclosed to Mike Christian the name of her company, without an express request for such information by Mike Christian, and thereby violated the FDCPA.

23. Nothing in the law entitled FRM to leave a recorded message for A D Christian on a telephone voice mail.

24. Nothing in the law entitled FRM to leave a recorded message for A D Christian on a telephone voice mail when the message might be heard by someone other than A D Christian.

25. FRM could have used other methods to communicate with A D Christian.

26. FRM could have chosen to communicate with A D Christian by postal mail.

27. FRM could have chosen to communicate with A D Christian by speaking directly

with A D Christian by telephone.

28. FRM could have chosen not to leave a recorded message for A D Christian on Mike Christian's cellular telephone voice mail.

29. FRM violated 15 U.S.C. § 1692c(b) by leaving a recorded message on a voice mail, which communicated to Mike Christian that FRM was attempting to collect an alleged debt from A D Christian. *Berg v. Merchants Association Collection Division, Inc.*, 586 F.Supp. 1336 (S.D. Fla. 2008).

30. FRM is a member of ACA International ("ACA").

31. ACA is a trade group for debt collectors. According to the ACA website (www.acainternational.org), FRM has been a member of ACA since 2009.

32. Over the past two or more years, ACA sent multiple writings to its members, warning about the risks associated with violating the FDCPA by leaving a message on an answering machine or voice mail, resulting in an unlawful disclosure to a third party that a consumer allegedly owes a debt.

33. FRM knowingly assumed the risk of violating the FDCPA by leaving a message on a voice mail, stating that FRM was calling to collect a debt, and knowing that the message might be heard by someone other than the consumer or the consumer's spouse.

34. FRM failed to maintain procedures reasonably adapted to avoid disclosing to a third party that a consumer owes a debt. Instead, FRM left a recorded message for the consumer on voice mail, knowing it was possible that the message might be heard by someone other than the consumer or the consumer's spouse.

35. FRM failed to maintain procedures reasonably adapted to avoid disclosing to a

5

third party that A D Christian owed a debt.

36. FRM left a recorded message for A D Christian on voice mail, knowing that it was possible that the message might be heard by someone other than A D Christian.

37. FRM scripted and intended that its employee speak the words that were spoke by the FRM employee when leaving the above-described message on voice mail in connection with efforts to collect a debt from A D Christian.

38. The FRM employee unlawfully instructed Mike Christian to deliver a message to A D Christian.

39. The FRM employee communicated with Mike Christian for a purpose other than to acquire location information regarding A D Christian. Specifically, FRM and its employee wrongfully turned Mike Christian into a *de facto* debt collector for FRM by causing Mike Christian to deliver a message to A D Christian in an effort to collect a debt, and violated 15 U.S.C. § 1692b and 15 U.S.C. § 1692c(b).

40. The FRM employee failed to state to Mike Christian that the purpose of the communication with Mike Christian was to acquire, confirm and/or correct location information about A D Christian.

41. The acts and omissions of FRM and its employees done in connection with efforts to collect a debt from Miss Smith were done intentionally and wilfully.

42. FRM and its employees intentionally and wilfully violated the FDCPA and MOC.

43. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should

be compensated in an amount to be established by jury and at trial.

V. **Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

44. Plaintiff incorporates the foregoing paragraphs by reference.

45. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692b;

   b) Defendant violated 15 U.S.C. § 1692c;

   c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   d) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   e) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

   f) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   d) Such further relief as the court deems just and proper.

## Count 2 – Michigan Occupational Code

46. Plaintiff incorporates the foregoing paragraphs by reference.

47. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

   a) Defendant violated M.C.L. § 339.915(m) by bringing to public notice that a consumer is a debtor;

   b) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive and abusive method to collect a debt; and

   c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

   d) Defendant violated M.C.L. § 339.919.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to M.C.L. § 339.916(2);

   b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

   c) Statutory damages pursuant to M.C.L. § 339.916(2); and

   d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: March 28, 2011

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

8